# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Teresa Louise Warren, ) | |
| ) | Civil Action No. 4:14-cv-02517-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Teresa Louise Warren ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 20.)

The Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (*Id.* at 25.) Plaintiff timely filed an objection to the Magistrate Judge's recommendation. (ECF No. 23.) For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB pursuant to sentence four (4) of 42 U.S.C. § 405(g).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is discussed in the Report and Recommendation. (*See* ECF No. 20 at 1–10.) The court concludes,

1

upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference. The court references herein procedural facts pertinent to the analysis of Plaintiff's claims.

Plaintiff in this case previously had a hearing before the Honorable Gregory M. Wilson, as the ALJ, concerning a prior Social Security application. That hearing was held on February 3, 2011, at the Greenville Office of Disability Adjudication and Review ("ODAR") and it resulted in an unfavorable decision that was issued on March 2, 2011. (ECF No. 9-3 at 2–27.) In that 2011 decision, Judge Wilson made credibility findings against Plaintiff. (*Id.* at 12.) Judge Wilson was also assigned to Plaintiff's subsequent Social Security application. In that subsequent case, he again found against her credibility, (ECF No. 9-2 at 27). He issued another unfavorable decision against Plaintiff on January 24, 2013. (*Id.* at 22–33.)

## II. LEGAL STANDARD

A. *Magistrate Judge's Report*

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

B. *Due Process Rights in ALJ Case Assignments and Social Security Benefits Determinations*

The Administrative Procedure Act ("APA"), as codified in the United States Code, provides: "Administrative law judges shall be assigned to cases in rotation so far as practicable, and may not perform duties inconsistent with their duties and responsibilities as administrative law judges." 5 § U.S.C. 3105. The United States Supreme Court has explained that the "so far as practicable" language permits case assignments to be informed by factors like a case's

complexity and the experience of a judge, not just mere "mechanical rotation." *See Rampseck v. Fed. Trial Exam'rs Conference*, 345 U.S. 128, 139 (1953).

The right to procedural due process applies to Social Security benefits determinations in such cases, *Richardson v. Perales*, 402 U.S. 389, 401–02 (1971), and an "impartial decision maker is an essential element of due process." *Bowens v. N.C. Dep't of Human Res.*, 710 F.2d 1015, 1020 (4th Cir. 1983) (quoting *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970)). Because "Social Security proceedings are inquisitorial rather than adversarial," the ALJ has a "duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000).

Nonetheless, "[a]n individual is not disqualified [from judging a case] . . . because he has formed opinions about a case based on his or her participation in it." *Bowens*, 710 F.2d at 1020. Indeed, administrative law judges are entitled to the same "presumption of honesty and integrity" as are judges, *Morris v. City of Danville*, 744 F.2d 1041, 1044 (4th Cir. 1984), so any allegation of bias must begin "from the presumption that the ALJ is unbiased." *Schweiker v. McClure*, 456 U.S. 188, 195–96 (1982); *see Corley v. Colvin*, No. CIV.A. 9:12-2676-TMC, 2014 WL 607706, at *3 (D.S.C. Feb. 18, 2014). Accordingly, a plaintiff alleging ALJ bias bears a "heavy burden" of proof. *Simpson v. Macon County, N.C.*, 132 F. Supp. 2d 407, 411 (W.D.N.C. 2001) (citations omitted); *see Corley*, No. CIV.A. 9:12-2676-TMC, 2014 WL 607706, at *3.

In light of this burden of the plaintiff, an ALJ will not be disqualified for bias "absent a showing of bias stemming from an extrajudicial source." *Morris v. City of Danville, Va.*, 744 F.2d 1041, 1044–45 (4th Cir. 1984) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)); *see Bowens*, 710 F.2d at 1020 ("To be disqualifying, personal bias must stem from a source other than knowledge a decision maker acquires from participating in a case."). And ALJ bias

4

generally should be evident from the record and not based on speculation or inference. *See, e.g.*, *Hucks v. Colvin*, No. 2:12–cv–76, 2013 WL 1810658, at *7 (N.D.W.Va. Apr. 3, 2013) (citing *Navistar Int'l Trans. Corp. v. United States E.P.A.*, 941 F.2d 1339, 1360 (6th Cir. 1991)). For example, the presumption against a biased ALJ can be rebutted if the plaintiff demonstrates that the ALJ "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 566 (1994) (criminal trial); *see Davis v. Astrue,* No. 5:10CV72, 2011 WL 3236196, at *3 (N.D.W.Va. July 28, 2011) (applying *Liteky* and *Schweiker* to the Social Security context and determining that the plaintiff failed to show a conflict of interest or other reason for disqualifying the ALJ).

### III. MAGISTRATE JUDGE'S REPORT

In Plaintiff's Memorandum in Support of its position that the ALJ opinion of January 24, 2013 should be reversed, she argues, among other issues, that ODAR's practice of case assignments resulted in a violation of her due process rights because her second disability benefits case was assigned to the same judge that had both issued a prior unfavorable decision to her and made credibility findings against her. (ECF No. 14 at 10–11.) Plaintiff asserts that the ALJ "demonstrated his bias by again finding the [Plaintiff] lacking in credibility," (*Id.* at 11), that which resulted in her not "receiv[ing] the impartial and unbiased adjudication of her claim to which she was entitled" under the APA. (*Id.*)

The Magistrate Judge, among other findings, concluded, however, that Plaintiff fails to explain how the assignment of her case back to the same ALJ violated her due process rights under the APA. (ECF No. 20 at 17.) In making this conclusion, the Magistrate Judge first stated that Plaintiff failed to show that the reassignment of her case to the same ALJ was inconsistent with that ALJ's duties in violation of the APA. (*Id.* at 18.) He further explained that Plaintiff failed to demonstrate that she was not provided a full and fair administrative hearing—specifically, she

5

provided insufficient evidence to sustain her allegation of the ALJ's bias. (*Id*.) The Report also noted that the ALJ himself found that he could provide Plaintiff an impartial hearing despite adjudicating a prior application. (*Id*.) The Magistrate Judge ultimately concluded that because "Plaintiff received a full and fair hearing, and . . . the ALJ's decision is supported by substantial evidence, Plaintiff's right to due process was not violated." (*Id*.)

## IV. ANALYSIS

Plaintiff now objects to the Magistrate Judge's conclusion that the ODAR did not violate her due process rights nor the APA when her case was assigned to the same judge that adjudicated her prior application. (ECF No. 23 at 1.)

Plaintiff contends that the "prejudice is obvious based upon the fact that this particular ALJ already made negative credibility findings against Plaintiff." (*Id.* at 2.) Plaintiff specifically argues as part of her objection that "a different ALJ may have viewed the plaintiff and the evidence in a different, less biased light" because "where an ALJ makes negative credibility determinations, it is assumed those perceptions will persist in subsequent applications." (*Id.*) Citing no authority, Plaintiff states: "The whole reason the APA has a provision that such cases should be assigned in rotation is to prevent situations such as this." (*Id.*)

Plaintiff's objections fail. First, as the Magistrate Judge correctly observed, (*See* ECF No. 20 at 18), Plaintiff simply fails to show that the reassignment of her case to the same ALJ was "inconsistent" with that ALJ's duties in violation of the APA. *See* 5 § U.S.C. 3105. Second, regarding the specific issue of ALJ bias, ALJ's are entitled to a "presumption of honesty and integrity," *Morris v. City of Danville*, 744 F.2d 1041, 1044 (4th Cir. 1984), so any allegation of bias begins "from the presumption that the ALJ is unbiased." *Schweiker v. McClure*, 456 U.S. 188, 195–96 (1982); *see Corley v. Colvin*, No. CIV.A. 9:12-2676-TMC, 2014 WL 607706, at *3

(D.S.C. Feb. 18, 2014). Accordingly, plaintiffs alleging ALJ bias, like Plaintiff in the instant case, bears a "heavy burden" of proof. *Simpson v. Macon County, N.C.,* 132 F. Supp. 2d 407, 411 (W.D.N.C. 2001) (citations omitted); *see Corley*, No. CIV.A. 9:12-2676-TMC, 2014 WL 607706, at *3.

Plaintiff's speculations in this case that the ALJ's adjudication of a prior application proves such bias are insufficient as her required burden of proof. *See, e.g.*, *Davenport v. Astrue*, 417 F. App'x 544, 547 (7th Cir. 2011) (rejecting the plaintiff's claim that a Social Security ALJ was biased because the ALJ had previously ruled against her). "[B]ias cannot be inferred from a mere pattern of rulings by a judicial officer; it requires evidence that the officer had it in for the party for reasons unrelated to the officer's view of the law." *Id.* (citations omitted); *see Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion."). Other than what amounts to, at most, a mere inference of possible bias, Plaintiff provides no evidence to fulfill her burden of proof that the ALJ in this case had the requisite personal enmity or bias toward her that would violate due process.[1] *See Liteky v. United States*, 510 U.S. 540, 566 (1994) (noting, as part of a

---

[1] Plaintiff argues that "if the ALJ truly wished to show the Commissioner's impartiality, he should have granted the motion [to recuse himself] or simply allowed the case to be assigned rotationally." (ECF No. 23 at 2.) This argument is unavailing.

First, it was not incumbent on the ALJ to prove his impartiality in such a way—rather, it is Plaintiff who carries the burden of demonstrating that the ALJ was biased and therefore unable to render an impartial hearing. *See Morris v. City of Danville*, 744 F.2d 1041, 1044 (4th Cir. 1984) (explaining that administrative law judges are entitled to the same "presumption of honesty and integrity" as are judges); *Schweiker v. McClure*, 456 U.S. 188, 195–96 (1982) (explaining that any allegation of bias must begin "from the presumption that the ALJ is unbiased"); *Corley v. Colvin*, No. CIV.A. 9:12-2676-TMC, 2014 WL 607706, at *3 (D.S.C. Feb. 18, 2014) (same); *Simpson v. Macon County, N.C.*, 132 F. Supp. 2d 407, 411 (W.D.N.C. 2001) (emphasizing that the plaintiff alleging ALJ bias bears a "heavy burden" of proof against the presumption of an unbiased ALJ).

Second, the United States Supreme Court has explained that the "so far as practicable" language of the APA, as codified at 5 § U.S.C. 3105, permits case assignments for ALJ's to be

7

criminal trial, that the presumption against a biased ALJ may be rebutted if the plaintiff demonstrates that the ALJ "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible"); *Davis v. Astrue*, No. 5:10CV72, 2011 WL 3236196, at *3 (N.D.W.Va. July 28, 2011) (applying *Liteky* and *Schweiker* to the Social Security context).

Thus, in response to Plaintiff's objections to the Report, this court concludes that Plaintiff's due process rights were not violated.

## V. CONCLUSION

For the reasons set forth herein, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB pursuant to sentence four (4) of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 25, 2015
Columbia, South Carolina

---

based on factors like a case's complexity and the experience of a judge; "mechanical rotation," as Plaintiff appears to suggest, is not required. *See Rampseck v. Fed. Trial Exam'rs Conference*, 345 U.S. 128, 139 (1953).